UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN INTRES                                                                                    PLAINTIFF

v.                                              No. 2:22-cv-2067

NEUMEIER ENTERPRISES, INC.                                                              DEFENDANT

## OPINION AND ORDER

Before the Court is Plaintiff's motion (Doc. 19) to dismiss Defendant's amended counterclaim and Plaintiff's brief in support (Doc. 20). Defendant has filed a response in opposition to the motion (Doc. 21) and brief in support (Doc. 22). The Court has also considered Plaintiff's reply (Doc. 26). For the reasons stated below, the motion will be GRANTED, but Defendant will be given leave to amend its counterclaim a second time.

### I.   Background

The facts of this case are more fully set forth in this Court's previous Order (Doc. 17). In brief, Johnathan Intres claims that Neumeier Enterprises underpaid him by misclassifying him and forcing him to work off the clock. (Doc. 2, p. 4). Neumeier, by contrast, claims that Intres falsified his timesheets and was paid more than he really earned. (Doc. 18, p. 2). Neumeier originally counterclaimed for the wage theft on a theory of conversion, which the Court dismissed for failure to state a claim. (Doc. 17, p. 7). The Court granted Neumeier leave to amend its counterclaim to state a new cause of action, fraud, as to the timesheets. *Id.*

Neumeier did so. The amended counterclaim (Doc. 18) states that Intres "misrepresented and falsified his time sheets and based upon the falsified information, received funds in excess of what he had actually earned." (Doc. 18, p. 2). Specifically, Intres "falsely represented, on his timesheets, the time that he worked for" Neumeier, "knew (or believed) that the representation as to the time he worked . . . was false and misleading," Neumeier "justifiably relied upon the

1

representations" Intres made, and "as a direct result thereof," Neumeier "has been damaged." *Id.* Neumeier also alleges that Intres "did not clock out on 111 days during the year of 2021 and 16 days in the year 2022 which was done to aid [Intres] to falsify his time sheets." Neumeier claims that this fraud resulted in Intres "being overpaid in the amount of $1,861.90 in 2021 alone. *Id.*

Intres moved to dismiss the amended counterclaim on the grounds that fraud was not adequately pled. *See generally* Doc. 19. Intres points out that claims of fraud are subject to the "rigorous" pleading standard of Federal Rule of Civil Procedure 9(b), which says "a party must state with particularity the circumstances constituting fraud or mistake." Neumeier argues in response that its amended counterclaim is sufficiently specific to meet the Rule 9(b) standard. (Doc. 22, p. 2).

Attached to Neumeier's response is a document titled "Exhibit A" which appears to describe Intres' fraud during a variety of pay periods in early 2021. The following is a typical passage from Exhibit A:

"**Pay Period January 4, 2021-January 10, 2021**
- He clocked in for 41.59 hours and was paid for 6 days.
- January 9, 2021-Didn't clock out
    - He changed his time from 5AM to 5PM
        - Allotted 4 hours
- .5 hours claimed as off the clock hours-false
- He owes us $164.81 (8.79hours x 18.75/hour = 164.81)"

(Doc. 22-A, p. 1). Intres characterizes Exhibit A as "an incomprehensible, unsubstantiated list of dates in which Defendant believes there are discrepancies in Plaintiff's pay records" which "utterly fails to provide the 'who, what, were, when, or how' of the alleged fraud." (Doc. 26, pp. 2–3.)

**II.     Analysis**

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-

2

moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation omitted). "A [counter]claim has facial plausibility when the [counterclaimant] pleads factual content that allows the court to draw the reasonable inference that the [counter]defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Those alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.*

This is especially true for fraud claims. As Intres points out, "in alleging fraud . . . a party must state with particularity the circumstances constituting fraud," although "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Specifically, "the complaint must plead the 'who, what, where, when, and how' of the alleged fraud." *Drobnak v. Anderson Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2008)).

In the specific context of a scheme involving false claims, there are two ways to make out a case. The first is to plead representative examples of the false claims. *Joshi*, 441 F.3d at 557. The second is to allege particular details of the scheme in a manner that indicates reliability. *United States ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 917 (8th Cir. 2014). Reliability can be indicated by pleading specific details as well as one's personal knowledge of the scheme. *Id.* at 919.

The Court agrees with Intres that Neumeier's counterclaim falls short of this standard. The counterclaim does not provide representative examples of any false claims, nor does it allege any particular details of Intres' scheme or demonstrate that Neumeier had personal knowledge of it. Exhibit A to Neumeier's response comes a little closer, but it is not part of the counterclaim itself

3

and therefore cannot be considered as part of a motion to dismiss. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003) (courts consider only the materials "necessarily embraced by the pleadings and exhibits attached to the" claim itself).

Furthermore, Exhibit A has its own issues. The entries are not proper representative examples of false claims because they do not demonstrate the requisite "who, what, where, when, and how" of the fraud. Exhibit A does not explain which of Intres' time entries are inaccurate or by how much. It gives an alleged total of the unworked hours for each pay period but fails to explain how it arrived at the total. The alternate means of pleading a false-claim scheme, to show particular details and indicia of reliability, is also not met. No particular details about the scheme are evident in Exhibit A, nor does Neumeier assert personal knowledge of Intres' behavior. It appears that Intres failed to clock out on a fairly regular basis, but no detailed allegations tie this to the fraud scheme. In other words, allowing Neumeier to refile its counterclaim with Exhibit A appended will not cure the counterclaim's deficiencies.

Nevertheless, the Court will allow Neumeier leave to amend. The deficiencies in Neumeier's counterclaim appear to result from inartful pleading rather than an actual lack of knowledge. Neumeier appears to be familiar with the details of the alleged fraud, having pled highly specific losses. This makes sense: Neumeier, as Intres' employer, would likely have knowledge through its agents of when Intres was actually working. Its task now is to demonstrate that knowledge through either (1) specific and clearly-explained examples of the fraud or (2) specific details of the scheme and a show of its own personal knowledge.

An example of pleading fraud through a specific example can be found in *In re Baycol Prods. Litigation*, 732 F.3d 869, 876 (8th Cir. 2013). In that case, a Bayer employee alleged that Bayer had misrepresented the risks of its statin product, Baycol, in order to obtain a contract with

4

the Department of Defense. *Id.* at 872. Bayer successfully moved to dismiss the employee's complaint for failure to meet the requirements of Rule 9(b). *Id.* at 874. The Eighth Circuit reversed, finding that the employee's

> complaint sufficiently "identif[ies] the 'who, what, where, when, and how' of the alleged fraud," *Joshi,* 441 F.3d at 556, to satisfy Rule 9(b)'s requirements and survive a motion to dismiss under Rule 12(b)(6). Simpson's allegations identify (1) the individuals involved in the exchange between Bayer and the DoD regarding the DoD's concerns about Baycol's safety with respect to the risk of rhabdomyolysis (i.e., Casimir Zygmunt for Bayer and Lieutenant Commander Richerson for the DoD); (2) the alleged misrepresentations regarding whether Baycol causes more rhabdomyolysis than other statins, and whether a relationship exists between prescribing Baycol at higher dosages and the frequency or severity of rhabdomyolysis; (3) the dates when the alleged misrepresentations were made (e.g., November 10, 1999 and December 3, 1999) and the manner in which the alleged misrepresentations were made; and (4) the specific reasons why the representations were alleged to be fraudulent (i.e., because Bayer allegedly possessed evidence to know the representations were false at the time they were made).
>
> In addition, Simpson connected her allegations regarding the alleged fraud to the January 2001 contract extension and the February 2001 BPA and alleged that "[i]f the DoD and other prescribers had known the truth (which DoD attempted to discover on multiple occasions), then it is unlikely the DoD would have entered into the contract with Bayer or would have extended the contract." Finally, Simpson's complaint alleges the government made payments to Bayer under the allegedly fraudulently induced contracts, claiming there were approximately 400,000 Baycol prescriptions filled in Military Treatment Facilities between October 2000 and the withdrawal of Baycol from the market in August 2001, and the government paid Bayer at least $11,983,305.08 for their supplies of Baycol during that same time period.

*Id.* at 876–77. *Baycol* provides a good example of the details which a successful fraud claim must set forth under Rule 9(b). The complaint describes the "who" (both the Bayer employee who made false claims and the Defense official to whom the claims were made), "what" (the misrepresentations made to the Department of Defense and why these representations were fraudulent), "when" (the specific dates on which these misrepresentations were made), and "how" (the manner in which the misrepresentations were made) of the alleged fraud, as well as connecting

5

the fraud to a particularized financial injury. The use of specific dates, names, and figures helps to give the pleading the necessary particularity.

One case illustrating the "details of scheme plus indicia of reliability" approach is *Thayer*, 765 F.3d at 919. In that case, the manager of two Planned Parenthood clinics in Iowa alleged that her employer was engaged in several Medicaid fraud schemes. *Id.* at 915–16. The Eighth Circuit found that she had adequately alleged

> the particular details of these schemes, such as the names of the individuals that instructed her to carry out these schemes, the two-year time period in which these schemes took place, the clinics that participated in these schemes, and the methods by which these schemes were perpetrated. Moreover, she alleges that her position as center manager gave her access to Planned Parenthood's centralized billing system, pleads specific details about Planned Parenthood's billing systems and practices, and alleges that she had personal knowledge of Planned Parenthood's submission of false claims. Thayer's claims thus have sufficient indicia of reliability because she provided the underlying factual bases for her allegations.

*Id.* at 919. The combination of specific details (individuals involved, time period covered, locations of the fraud, methods of defrauding) and indicia of reliability (here, the plaintiff was a manager with access to the relevant billing system, specific knowledge of her employer's practices, and personal knowledge of submission of some false claims) sufficed to bring the *Thayer* complaint over the Rule 9(b) threshold.

The Court understands that the alleged fraud in this case is less complex than that in *Baycol* and *Thayer*. One man fudging his timesheets entails fewer pleadable details than a multimillion-dollar fraud on the federal government by a sophisticated business. Nevertheless, the requirement to plead "who, what, when, where, and how" in detail is consistent across all fraud cases, and the level of specificity needed as to these elements is no different here than in *Baycol* or *Thayer*. Specific dates and figures, specific details of the fraudulent statements and what made them fraudulent, specifics of the process by which Intres submitted the false hours, and specific

allegations of Neumeier's personal knowledge of Intres' behavior would help Neumeier to fulfill Rule 9(b)'s elevated pleading requirement.

Intres appears to argue that Neumeier should not be given leave to amend because Neumeier also pleads the timesheet fraud as an affirmative defense. (Doc. 26, p. 3). "If Defendant can prove that Plaintiff was paid for hours that he did not work," Intres asserts, "then those payments can be used as an offset against any damages awarded. There is no reason to bring a wholly separate claim at this late stage of the litigation." *Id.* However, Intres' argument in this regard rests on two unwarranted assumptions. The first is that Neumeier's recovery from Intres will be less than Intres' recovery from Neumeier, which will ultimately be a question for the finder of fact. The second is that Neumeier's claim is "wholly separate" from Intres'. As discussed in this Court's previous order (Doc. 17), both claims center on the factual question of how many hours Neumeier actually worked. And as Intres concedes, Neumeier has a viable affirmative defense based on the same allegations as its counterclaim, so the same evidence will be presented at trial regardless of whether the counterclaim is allowed to proceed. Therefore, the Court will grant Neumeier leave to amend and refile its compulsory counterclaim.

For the foregoing reasons, IT IS HEREBY ORDERED that Intres' motion (Doc. 19) to dismiss Neumeier's counterclaim is GRANTED. Neumeier's counterclaim for fraud is DISMISSED WITHOUT PREJUDICE. Leave to amend will be granted.

IT IS SO ORDERED on this 14th day of March, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

7