IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JONATHAN INTRES                                                                                   PLAINTIFF

V.                              Civil No. 2:22-cv-02067-PKH-MEF

NEUMEIER ENTERPRISES, INC.                                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Costs and Attorney's Fees and Brief in Support filed by Plaintiff, Jonathan Intres, on April 28, 2023. (ECF Nos. 34 & 35). The Motion was referred to the undersigned on May 1, 2023. Defendant, Neumeier Enterprises, Inc., filed a Response in opposition and Brief and Memorandum of Law in Support on May 12, 2023. (ECF Nos. 36 & 37). Plaintiff filed a Reply on May 19, 2023. (ECF No. 40). Both parties requested an oral argument on the Motion, and oral argument was held by videoconference on June 20, 2023. The matter is ripe for report and recommendation.

**I.      BACKGROUND**

Plaintiff, Jonathan Intres ("Intres"), filed this action on April 22, 2022, seeking relief from the Defendant, Neumeier Enterprises, Inc. ("Neumeier"), his former employer, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq*. (ECF No. 2). Neumeier filed its Answer on May 27, 2022, denying any liability to Intres, and asserting as an affirmative defense that Intres's employment was terminated due to misconduct (i.e., unauthorized use of a company credit card for personal items; taking cash money from customers without turning it over to Neumeier; wrongfully changing the hours he claimed to work) by Intres. (ECF No. 7). Just over six months later, Neumeier filed an Amended Answer and Counterclaim. (ECF No. 11). The Counterclaim

1

alleged that Intres has used a company credit card to make personal purchases totaling $2,230.65; that Intres sold products and inventory belonging to Neumeier to third parties, keeping the proceeds, more than $7,500.00, for himself; and that Intres falsified his time sheets and was paid more than he had actually earned. (*Id*. at 7-9). One week later, Intres filed a Motion to Dismiss the Counterclaim, arguing that the type of state-law counterclaims for conversion asserted by Neumeier are not allowed in FLSA cases. (ECF No. 12).

On January 27, 2023, the Court entered an Order granting the Motion to Dismiss. (ECF No. 17). In declining to exercise supplemental or ancillary jurisdiction over Neumeier's credit card and inventory claims, the Court noted that, "[t]he issues of credit card and inventory theft have nothing to do with the issues in Mr. Intres' claim: when he worked and how much he was owed for it." (*Id*. at 4). The Court concluded, however, that Neumeier's falsified timesheet claim was different, and that it "goes to the core question of how much Intres was owed for his services." (*Id*.). Finding that the Court had ancillary jurisdiction over the timesheet falsification claim, and because that claim clearly fit the elements of fraud, the Court granted Neumeier leave to amend its timesheet falsification counterclaim to state a cause of action for fraud. (*Id*. at 6-7).

Neumeier filed an Amended Counterclaim on February 7, 2023. (ECF No. 18). Intres filed a Motion to Dismiss Defendant's Amended Counterclaim on February 23, 2023, arguing that the Amended Counterclaim failed to state facts upon which relief could be granted. (ECF No. 19). Neumeier responded in opposition (ECF No. 21), and Intres filed a reply (ECF No. 26). On March 14, 2023, the Court entered its Opinion and Order finding that the allegations of fraud in Neumeier's Amended Counterclaim fell short of the applicable legal standard, dismissing the Amended Counterclaim without prejudice, and granting leave to amend a second time. (ECF No. 27). One month later, the parties filed their Joint Stipulation of Dismissal of Plaintiff's Liability

Claims with Prejudice, leaving open the issue of reasonable attorney's fees and costs. (ECF No. 31). Unable to resolve the matter of attorney's fees and costs, the filing of the Motion for Costs and Attorney's Fees currently before the Court followed.

## II.     LEGAL STANDARD

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (2008). Congress included fee-shifting language so citizens would have access to the courts to enforce their federally protected rights. *Morales v. Farmland Foods, Inc.*, 2013 WL 1704722, at *5 (D. Neb, April 18, 2013). "The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Id*. Reasonable fees are "adequate to attract competent counsel but [do] not produce windfalls to attorneys." *Vines v. Welspun Pipes, Inc.*, 2020 WL 3062384 (E. D. Ark. June 9, 2020) (cleaned up); see also *Henrickson v. Branstad*, 934 F.2d 158, 162 (8th Cir. 1991). An award of attorneys' fees "under a fee-shifting statute should be comparable to what is traditionally paid to attorneys who are compensated by a fee-paying client." *Morales*, 2013 WL 1704722, at *7 (citations omitted). "Cases may be overstaffed, and the skill and experience of lawyers vary widely," and thus, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee requested hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

The lodestar method is the "most useful starting point for determining the amount of a reasonable fee." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 433). It requires consideration of "the number of hours reasonably expended on the

3

litigation multiplied by a reasonable hourly rate," and hours not "reasonably expended" must be excluded. *Hensley*, 461 U.S. at 434. After determining the lodestar, the Court should then "adjust the fee upward or downward on the basis of the results obtained." *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). The Court may also consider other factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). *See Bonds v. Langston Companies, Inc.*, 2021 WL 4130508, *2 (E. D. Ark., Sept. 9, 2021).

### III. DISCUSSION

#### A. Prevailing Party Status

Defendant's opposition to an award of attorney's fees and costs in this case centers on its contention that Plaintiff is not the prevailing party in the litigation. (ECF No. 37). Defendant points out that Plaintiff's complaint did not allege the specific amount of unpaid wages being sought, and that "to avoid the continuation of the lawsuit and to eliminate the fees it was incurring from its own attorneys, the defendant, to 'buy peace,' settled this case for $3,545.00." (*Id*. at 3). Defendant further argues that it has never admitted any fault or wrongdoing, and that the parties' Settlement Agreement and Release contains a provision to that effect. (*Id*.). Citing cases in Florida and the Eleventh Circuit, Defendant contends that an award of attorney's fees is not required in every case brought under the FLSA, and that there are "special circumstances," including "so-called nuisance settlements," that can render an award of attorney's fees unjust. (*Id*. at 4). While this is true as a general proposition, the cited cases are distinguishable from the instant case and offer little support for the denial of reasonable attorney's fees and costs.

For example, in *Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162 (S.D. Fla. 2003), the combined value of the plaintiff's claims for overtime and wage compensation was only $315.89, but plaintiff's counsel sought attorney's fees of nearly $16,000.00. Despite such meager

4

damages, the court noted that plaintiff's counsel continued to file pleadings and propound discovery "in what should have been a *pro forma* matter that could have been disposed of by making a few phone calls before filing suit," and that the settlement represented a nuisance settlement that was made solely to avoid the expense of litigation. More importantly, the court observed that the defendants attempted to resolve the case numerous times, but that plaintiff's counsel "continuously employed a strategy of delay and obfuscation in his attempt to ward off the inevitable resolution of the case." *Id*. at 1168. Such special circumstances are absent in the present case.

*Batista v. South Florida Women's Health Associates, Inc.*, 844 F. App'x 146 (11th Cir. 2021), similarly involved a small claim for $275.50 in unpaid wages. The parties reached a settlement agreement for that amount, plus a like amount for liquidated damages, for a total of $551.00. *Id*. at 149. Plaintiff's counsel then requested $10,675.00 in attorney's fees. Finding that the defendant had timely issued and mailed plaintiff her final paycheck; that plaintiff's counsel made no effort to contact defendant to inform them that plaintiff had not received the paycheck before filing suit; and that had he done so, he would have discovered that defendant had sent plaintiff's paycheck to her address and were willing to immediately issue a replacement check, the magistrate judge considering the matter found that the case was a "prototypical nuisance suit" and recommended that no attorney's fees be awarded. *Id*. at 150-51 (internal quotation marks omitted). The district court adopted the magistrate judge's recommendation and awarded no attorney's fees to plaintiff. The Eleventh Circuit Court of Appeals reversed and remanded, finding that the record contained insufficient evidence to support the facts underlying the magistrate judge's reasoning. Likewise, there are no facts in the record of the present case to support a finding that Defendant sent a final paycheck to Plaintiff for any unpaid wages, or that had the Plaintiff contacted the

Defendant about any unpaid wage dispute before filing suit the Defendant would have immediately issued payment.  To the contrary and based on the Defendant's subsequent allegations concerning the Plaintiff's serious misconduct at work, it appears that any pre-suit contact with the Defendant would likely have been unsuccessful in resolving the matter.

In *Sahyers v. Prugh, Holliday & Karatinoes, P.L.*, 560 F.3d 1241 (11th Cir. 2009), the Eleventh Circuit affirmed the denial of an award of attorney's fees to a FLSA plaintiff because of the actions of plaintiff's counsel in making no effort to inform defendants of the plaintiff's claim, much less to resolve the dispute before filing suit.  As the district court saw it, the plaintiff's lawyer "slavishly followed his client's instructions[1] and – without a word to Defendants in advance – just sued his fellow lawyers," and "this conscious disregard for lawyer-to-lawyer congeniality and civility caused … the judiciary to waste significant time and resources on unnecessary litigation …" *Id*. at 1245.  The Eleventh Circuit agreed, but it cautioned against inferring too much from its decision as these kinds of decisions are fact intensive, and "[w]e put aside cases in which lawyers are not the parties." *Id*. at 1246.  Nor did the court hold that pre-suit notice is usually required under the FLSA to receive an award of attorney's fees and costs. *Id*.

Defendant also relies upon *Tyler v. Corner Construction Corp.*, 167 F.3d 1202 (8th Cir. 1999), but this is a civil rights case, not an FLSA case, and the FLSA provides for a mandatory award of attorney's fees, whereas the fee-shifting provisions in the Civil Rights statutes provide for more discretion.  *Goss*, 248 F.Supp.2d at 1168 (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416 n. 5 (1978)).

In *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Human Resources*, 532 U.S. 598, 607 (2001), the Supreme Court held that to have "finally prevailed," a

---

[1] Plaintiff had instructed her counsel "just to file suit."

6

party must have obtained either a judgment on the merits or reached a settlement that was enforced through a consent decree. Here, the parties reached a negotiated settlement agreement of the Plaintiff's FLSA and AMWA claims and, pursuant to their settlement agreement, they filed a Joint Stipulation of Dismissal of Plaintiff's Liability Claims with Prejudice. (ECF No. 31). The Court acted on that Joint Stipulation, dismissing with prejudice Plaintiff's unpaid wage claims, and reserving his claim for attorney's fees for further review. (ECF No. 33). From these circumstances, and despite the modest recovery obtained by Plaintiff on his FLSA and AMWA claims, the undersigned concludes that Plaintiff is the prevailing party in this action, and he is entitled to an award of reasonable attorney's fees and costs.

### B.     Reasonable Hourly Rate

In his response to the Plaintiff's motion for fees, and during the hearing held on June 20, 2023, counsel for the Defendant stated no objection to the hourly rates requested by Plaintiff's counsel. The Court, however, has an independent obligation to ensure that the rates are reasonable in the current market area. *Holcombe v. Midwest Outdoor Concepts, LLC*, Case No. 5:22-CV-05161, 2023 WL 3077856, at *2 (W.D. Ark. April 25, 2023). Two Sanford Law Firm ("SLF") attorneys are counsel of record for the Plaintiff: Josh Sanford and Colby Qualls.[2] Despite this, Plaintiff's brief in support and SLF's Billing Spreadsheet show billable time by six attorneys, a paralegal, and a law clerk.[3] (ECF Nos. 34-1, 35). Requested hourly rates for those billing time on the case are as follows:

| Attorney | Requested Hourly Rate |
|---|---|
| Colby Qualls | $150.00 |

---

[2] A third SLF attorney, Laura Edmondson, had also entered an appearance on behalf of the Plaintiff, but Ms. Edmondson resigned as a full-time member of SLF in March 2023 and was permitted to withdraw. Mr. Qualls entered his appearance at that time. (ECF Nos. 23-25).
[3] To address judicial concerns regarding the extent of oversight of junior attorneys, Mr. Sanford's billing entries were reduced to zero. (ECF No. 35, p. 9).

7

| | |
|---|---|
| Courtney Lowery | $190.00 |
| Karolina Viehe | $250.00 |
| Laura Edmondson | $150.00 |
| Rebecca Matlock | $250.00 |
| Vanessa Kinney | $300.00 |
| Paralegal | $100.00 |
| Law Clerk | $75.00 |

As recently as April 25, 2023, the Court approved hourly rates for attorney Vanessa Kinney at $250.00 and attorney Rebecca Matlock at $225.00.  *Holcombe*, 2023 WL 3077856, at *2.  The Court also reduced the requested paralegal rate to $75.00 per hour and the law clerk rate to $25.00 per hour.  *Id*.  The undersigned finds no reason to deviate from these hourly rates for attorneys Vanessa Kinney and Rebecca Matlock, the paralegal, and the law clerk.  In November 2022, the rate of $150.00 per hour was approved for attorney Courtney Lowery and $125.00 per hour for attorney Laura Edmonson.  *Folta v. Norfolk Brewing Company, et al.*, Civil No. 21-3038, 2022 WL 16984515, at *2 (W.D. Ark. Nov. 16, 2022).  Again, the undersigned finds no reason to deviate from these hourly rates for attorneys Courtney Lowery and Laura Edmondson.  As attorney Colby Qualls' experience is comparable to attorney Courtney Lowery (ECF No. 34-2, pp. 6-7), the undersigned finds the rate of $150.00 per hour reasonable for his work.  That leaves attorney Karolina Viehe, a more recent addition to SLF, whose experience is more comparable to attorney Rebecca Matlock, so the rate of $225.00 per hour is reasonable for attorney Karolina Viehe.

These hourly rates will be used to determine the lodestar amount.

### C.     Number of Hours Reasonably Expended

Defendant argues that the time spent by Plaintiff's counsel in defending the counterclaims against Plaintiff should not be included in any award of attorney's fees.  (ECF No. 37, p. 6).  Defendant makes no other objections to the hours claimed by Plaintiff's counsel.  Upon review of the parties' briefing on this issue, the undersigned agrees with Defendant that billing related to

8

Defendant's counterclaims for credit card misuse and inventory theft are unreasonable, but that billing related to Defendant's counterclaim for falsified timesheets is reasonable.

As the Court previously noted, "[t]he issues of credit card and inventory theft have nothing to do with the issues in Mr. Intres' claim: when he worked and how much he was owed for it," but "[t]he falsified timesheet claim is different …," as it "goes to the core question of how much Intres was owed for his services." (ECF No. 17, p. 4). Leave was given to Defendant to file an amended counterclaim based on the Plaintiff's alleged falsified timesheets. (*Id*. at 7). Defendant filed its Amended Counterclaim on February 7, 2023. (ECF No. 18). Plaintiff then timely filed his Motion to Dismiss Defendant's Amended Counterclaim on the grounds that fraud was not adequately pled. (ECF No. 19). The Court agreed, finding that Defendant's allegations of fraud fell short of the legal standard, but leave was again granted to Defendant to amend and refile its compulsory counterclaim based on falsified timesheets. (ECF No. 27). Then, before any further amended counterclaim was filed, the parties notified the Court of their settlement.

Accordingly, time billed in connection with the Plaintiff's first motion to dismiss, which resulted in the dismissal of Defendant's counterclaims for credit card misuse and inventory theft, will not be included in the lodestar calculation as those counterclaims "have nothing to do" with Plaintiff's FLSA and AMWA claims. Time billed for that work should not be shifted to the Defendant but should properly be borne by the Plaintiff. From a review of the Plaintiff's Billing Spreadsheet, this results in the reduction of .20 hours of Colby Qualls' time, 4.80 hours of Vanessa Kinney's time, and .20 hours of Laura Edmondson's time.

The time billed for work in moving to dismiss Defendant's deficient Amended Counterclaim based on falsified time sheets will be included in the lodestar calculation, as that counterclaim is directly related to Plaintiff's FLSA and AMWA claims.

### D. Final Lodestar Calculation

The undersigned recommends an award of attorney's fees to Plaintiff in the amount of $7,077.50, which reflects the following timekeepers, approved hourly rates, and hours reasonably expended, all of which can be fairly shifted to Defendant pursuant to 29 U.S.C. § 216(b):

| **Attorney** | **Billable Hours** | **Hourly Rate** | **Total** |
|---|---|---|---|
| Colby Qualls | 12.60 | $150 | $1,890.00 |
| Courtney Lowery | 0.90 | $150 | $135.00 |
| Karolina Viehe | 4.90 | $225 | $1,102.50 |
| Laura Edmondson | 13.80 | $125 | $1,725.00 |
| Rebecca Matlock | 2.10 | $225 | $472.50 |
| Vanessa Kinney | 5.10 | $250 | $1,275.00 |
| Paralegal | 4.70 | $75 | $352.50 |
| Law Clerk | 5.00 | $25 | $125.00 |
| **Total** | | | **$7,077.50** |

Although Plaintiff's settlement was modest, it was not *de minimus*, and the undersigned finds no basis for adjusting the fee because of the results obtained. *See Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).

### E. Costs

Plaintiff seeks costs in the amount of $471.00, which includes the $402.00 filing fee and a service fee of $69.00, all of which is reasonable and should be awarded.

### IV. CONCLUSION

For the reasons stated above, it is recommended that Plaintiff's Motion for Costs and Attorney's Fees (ECF No. 34) be GRANTED IN PART, as reduced by the Court, and that Plaintiff

be awarded costs in the amount of $471.00 and attorney's fees in the amount of $7,077.50, for a total of $7,548.50, against the Defendant.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of June 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE